**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Carlos Eduardo Nava Reyes,<br><br>               Plaintiff,<br><br>    v.<br><br>Jess Marchese,<br><br>               Defendant. | Case No. 2:25-cv-01827-MMD-BNW<br><br>**SCREENING ORDER AND<br>REPORT AND RECOMMENDATION** |

Plaintiff brings this civil-rights case under 42 U.S.C. § 1983 based on the alleged sub-par performance of his attorney during his criminal case. Plaintiff moves to proceed *in forma pauperis*. ECF No. 1. He submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. His request to proceed *in forma pauperis* will, therefore, be granted.

This Court now screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    DISCUSSION**

    **A.    Screening Standard for Pro Se Prisoner Claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watson v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B.     Screening the Amended Complaint

Here, Plaintiff alleges Jess Marchese was serving as his public defender in a criminal case. He alleges that Mr. Marchese failed to properly communicate with him and show interest for his criminal case. In short, Plaintiff alleges that Mr. Marchese did not try to negotiate a better settlement for Plaintiff and, instead, just told Plaintiff "to take the deal."

A threshold requirement for proceeding with any 42 U.S.C. § 1983 claim is that the defendant acted "under color of state law" with respect to the alleged deprivation of the plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is settled law that a court-appointed criminal defense attorney does not act under color of state law. *See Polk v. Dodson*, 454 U.S. 312, 325 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); *see also Miranda v. Clark County of Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of § 1983 in

representing plaintiff's interests). Thus, Plaintiff cannot state a § 1983 claim against Attorney Marchese for either a Sixth Amendment or a Fourteenth Amendment violation under § 1983.

Moreover, Plaintiff's ineffective assistance of counsel claim is not properly brought as a Section 1983 claim. Claims for ineffective assistance of counsel are not recognized under § 1983, despite the statutes "literal applicability" to the Sixth Amendment, because specific appellate and habeas statutes apply. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). As a result, this Court recommends that his claims be dismissed with prejudice.

## II.   CONCLUSION

**IT IS ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and file Plaintiff's complaint (ECF No. 1-1).

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 2, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE